UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
IN RE:                                                    :        ORDER
                                                          :
TERRORIST ATTACKS ON                                      :        03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001                                        :
                                                          :
------------------------------------x

This document relates to:

    *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD) (SN)
    (and member case *Burlingame, et al. v. Bin Laden, et al.*, 02-cv-7230 (GBD) (SN))
    *Ashton, et al. v. Kingdom of Saudi Arabia*, 17-cv-02003 (GBD)(SN)
    *Schneider, et al. v. al Qaeda Islamic*, 02-cv-7209 (GDB)(SN)

## ORDER GRANTING PARTIAL FINAL DEFAULT JUDGMENT FOR THE PLAINTIFFS LISTED IN EXHIBIT A

GEORGE B. DANIELS, United States District Judge:

The Plaintiffs listed in Exhibit A move for entry of partial final default judgment against Defendant the Islamic Republic of Iran. (ECF No. 10370.)[1] Upon consideration of the evidence and arguments set forth in the Declaration of John F. Schutty and the exhibits thereto (ECF No. 10371),[2] and in light of the default judgment as to liability against the Islamic Republic of Iran

---

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

[2] Plaintiffs' counsel failed to provide a sworn statement attesting that they have complied with the due diligence safeguards outlined in ECF No. 3433 and adopted in ECF No. 3435. The Court relies on these sworn statements to ensure the efficient and just adjudication of default judgment motions. Failing to follow the Court's previous orders slows down its ability to resolve motions brought by other plaintiffs. In light of the approaching VSSTF deadline, however, the Court will rely on Rule 11(b) of the Federal Rules of Civil Procedure to reassure itself that counsel has followed the appropriate due diligence measures in the instant matter. Future applications that fail to comply will, however, be denied on this basis.

entered on August 31, 2015 (ECF No. 3021),[3] together with the entire record in this case, it is hereby

**ORDERED** that service of process in the above-captioned cases was properly effectuated upon the Islamic Republic of Iran in accordance with 28 U.S.C. § 1608(a)(4) (*see* ECF No. 1238); and it is

**ORDERED** that partial final default judgment is entered on behalf of the Plaintiffs identified in Exhibit A against the Islamic Republic of Iran;[4] and it is

**ORDERED** that the Plaintiffs identified in Exhibit A are awarded economic damages as set forth therein and as supported by the expert report and analysis[5] tendered in conjunction with the Schutty Declaration (*see* ECF No. 10371); and it is

**ORDERED** that the Plaintiffs receiving economic damages identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from the date indicated in the "Date of Report" column therein, until the date of judgment; and it is

**ORDERED** that the Plaintiffs identified in Exhibit A may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court; and it is

**ORDERED** that Plaintiffs not appearing in Exhibit A may submit in later stages applications for damages awards to the extent they have not done so already.

---

[3] Plaintiffs' counsel has also provided the Court with incorrect citations for the Clerk's Certificate of Default, the relevant affidavit of service, and the relevant liability judgment.

[4] The Plaintiffs seek treble damages. Under the Anti-Terrorism Act ("ATA"), claims cannot be brought against sovereign defendants. *See* 18 U.S.C. § 2337(2). Accordingly, Plaintiffs' motion is DENIED as to their requests for treble damages.

[5] The expert report provides two economic loss estimates: one, upon which Plaintiffs rely, that is calculated before taxes; another, after taxes. ECF No. 10371-1 at 8. Consistent with prior orders, the Court awards economic damages after accounting for taxes. The Court therefore calculated the total award reflected in Exhibit A by taking the after-tax estimate and, as the expert report then explains, "net[ting] out the $260,499 that was received by Mr. Dimino's estate as a cash out for his partnership shares." *Id.*

The Clerk of Court is directed to enter partial final default judgment for the Plaintiffs listed in Exhibit A. The Clerk of Court is further directed to close the motions at:

- No. 03-md-01570 at ECF No. 10370;
- No. 02-cv-06977 at ECF No. 2168;
- No. 02-cv-07209 at ECF No. 165;
- No. 02-cv-07230 at ECF No. 365; and
- No. 17-cv-02003 at ECF No. 348.

Dated: September 19, 2024
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

# Exhibit A

| Plaintiff, as Personal Representative of the Estate of 9/11 Decedent | | | | 9/11 Decedent | | | | | | Claim Information | | | Pain & Suffering Damages | | | | Economic Damages | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Prior Award | Amount | Treble | Report | Date of Report | Prior Award | Amount | Treble |
| 1 Nancy | | Dimino | | Stephen | | Dimino | | U.S. | 9/11/01 | NY | 02cv7209 | 02cv7209, 1 at 5 | 02cv6977, 11-2 at 5 | 3226 at 11 | | | | 12/14/03 | N/A | $ 12,689,546.00 | |