# LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

February 26, 2026                                                                                               Via ECF

Honorable Sarah Netburn, U.S. District Court Magistrate Judge

> Re:   *In re Terrorist Attacks on September 11, 2001,*
> MDL No. 03-MDL-1570 (GBD) (SN)
> *Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (and member cases *Burlingame, et al. v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN) and *Schneider, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-7209 (GBD)(SN)
> Requests for Rule 54(b) Certifications against Alleged Iranian Assets

Your Honor:

I write in further response to the Court's Order dated February 13, 2026 (MDL ECF No. 11730) and the Plaintiffs' Executive Committee's (PEC) requests (MDL ECF ##11720 and11800)[1] that the Court issue Rule 54(b) certifications to compensatory damage awards against the Islamic Republic of Iran (Iran) to *certain* subsets of plaintiffs, but not *all* plaintiffs who have compensatory damage awards against Iran. My clients now formally oppose this application by the PEC for the reasons set forth below.

My clients submit that the moving plaintiffs are attempting to use Rule 54(b) to "escape" an appeal that would normally affect them. This Court is obliged to focus on finality and reduce the risk of procedural gamesmanship. In the Second Circuit, the standard for Rule 54(b) certification is stringent, emphasizing that it should only be granted in "the infrequent harsh case." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085 (2d Cir. 1991).

Under the Second Circuit's strict "finality" and "separability" requirements, certification is improper where, as here, a subset of plaintiffs seeks to decouple their claims from a consolidated MDL for strategic advantage. *Ginett, supra*, at 1096. Granting the PEC's application would permit a "rogue" judgment that binds the remaining plaintiffs to an incomplete record, violating the "historic federal policy against piecemeal appeals." My clients submit that any Rule 54(b) certification of compensatory awards to Iran must

---

[1] My *Ashton* clients have not filed AO 451 forms with the Court and have not joined the PEC's application for the certifications requested of the SDNY Clerk because the AO 451 form obliges the Clerk to certify that "the time to appeal has expired." My clients intend to appeal various Iran liability rulings and that prevents them from requesting AO 451s from the SDNY Clerk.

Letter to the Honorable Sarah Netburn
February 26, 2026, Page 2

include *all* plaintiffs *not a select few* to allow any interested plaintiff to take an appeal that will affect *all remaining plaintiffs*.

## I. ARGUMENT

### A. The Awards Against Iran are "Inextricably Interrelated" under *Ginett*

The Second Circuit has made clear that Rule 54(b) certification is inappropriate for claims that are "inherently inseparable" or "inextricably interrelated." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1991).

- **Factual Overlap**: Because both the Moving Plaintiffs (identified on the PEC list – MDL ECF #11800) and the Objecting *Ashton* Plaintiffs rely on the same nucleus of operative facts regarding the liability of Iran to the all plaintiffs herein, an immediate judgment and/or appeal by one group would require the appellate court to review the same factual record multiple times in the future.

- **Preventing Piecemeal Review**: The Second Circuit favors reviewing such cases as "single units" to avoid inconsistent results.

### B. Objecting *Ashton* Plaintiffs Have Standing Based on Impending Prejudice

Although the Supreme Court in *Gelboim v. Bank of America Corp.*, 574 U.S. 405 (2015), clarified that individual cases in an MDL retain their identity, it did not grant parties a license to use Rule 54(b) as a tactical shield to "escape" the collective interests of the MDL.

- **Standing to Oppose**: Objecting *Ashton* Plaintiffs have a concrete interest in this PEC motion because any judgment or appellate ruling obtained by the Movants —even if technically a "separate" case—will create persuasive or binding precedent for the remaining MDL participants.

- **Prejudice via Incomplete Record**: If Movants (PEC) are allowed a judgment and ability to appeal now, the Second Circuit will establish the law of the case based on an incomplete record, effectively denying the Objecting *Ashton* Plaintiffs the opportunity to have their own, more developed evidence considered by the appellate panel.

### C. No "Just Reason for Delay" Exists; Only Just Reason for Unity

Rule 54(b) requires an express determination that there is "no just reason for delay."

1. **Judicial Administrative Interests**: The Second Circuit explicitly commands district courts to "take into account judicial administrative interests." Facilitating

> an "escape" judgment and/or appeal directly contradicts these interests by fracturing a unified litigation track.

2. **Lack of Hardship**: Movants (PEC) have identified no "harsh" circumstances or unique hardship that necessitates an immediate exit from the consolidated proceedings. Their desire to insulate a judgment from a broader appeal is a strategic choice, not a legal necessity.

## II. CONCLUSION

Rule 54(b) is an exception, not a rule. Because the PEC's claims are inextricably linked to those of the remaining plaintiffs, and because an early judgment and/or appeal would severely prejudice the Objecting Plaintiffs' appellate rights, the Court should deny the motion. Again, any Rule 54(b) certification of compensatory awards to Iran must include *all* plaintiffs *not a select few* to allow any interested plaintiff to take an appeal that will affect *all remaining plaintiffs*.

What my clients ask is for is one ruling for all plaintiffs with claims against Iran – a ruling that will allow some finality as to Iran and the ability to appeal sooner rather than later the liability issues already resolved in this litigation. After all, my clients have been pursuing their claims against Iran for over 23 years, and they seek finality and an ability to appeal as soon as possible.

Absent some absolute finality on one or more claims, and/or the issuance of Rule 54(b) certifications as to all Iran compensatory damage awards, the PEC's request for piecemeal judgment certifications must be denied.

Sincerely yours,

*John F. Schutty*